IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY JOE TRAVIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1854-M |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Bobby Joe Travis, an inmate in the Dawson State Jail, against the Texas Department of Criminal Justice ("TDCJ"), the University of Texas Medical Branch at Galveston ("UTMB"), and Corrections Corporation of America ("CCA"). On October 10, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on November 17, 2006. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## II.

On or about July 26, 2006, plaintiff entered his dormitory room at the Dawson State Jail to stop a fight between other inmates. Although plaintiff was not involved in the fight and informed corrections officers that he was on heart and asthma medication, the officers sprayed the entire dormitory area with tear gas. As a result of his exposure to this chemical agent, plaintiff states that he is in "constant pain that is consistent with a stroke" and is under stress. Plaintiff further alleges that he was denied adequate medical care for his injuries. By this suit, plaintiff seeks $5 million in compensatory damages.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

 (1) is frivolous or malicious;

 (2) fails to state a claim upon which relief can be granted; or

 (3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

The court initially observes that both the TDCJ and UTMB are state agencies that cannot be sued for money damages in federal court absent a waiver of Eleventh Amendment immunity.[2] *See Loya v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (holding that TDC, now TDCJ, is entitled to sovereign immunity under Eleventh Amendment); *Hill v. Dallas Co. Jail*, No. 3-05-CV-1342-M, 2006 WL 785496 at *2 (N.D. Tex. Mar. 28, 2006) (Kaplan, J.), *citing O'Rourke v. United States*, 298 F.Supp.2d 531, 535 (E.D. Tex. 2004) (same as to UTMB). Consequently, neither defendant is a proper party to this suit.

C.

Nor can plaintiff sue CCA, a private company that operates the Dawson State Jail. In order to establish liability against this defendant, plaintiff must show that the actions of jail officials resulted from an official policy or practice. *Monell v. Dept. of Social Services of New York*, 436 U.S.

---

[2] The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amd. XI

658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). *See also Bouldin v. Glenn*, No. 3-05-CV-1991-D, 2005 WL 3742790 at \*2 (N.D. Tex. Nov. 2, 2005) (applying *Monell* to civil rights claim against Dawson State Jail and CCA); *Eldridge v. CCA Dawson State Jail*, No. 3-04-CV-1312-M, 2004 WL 1873035 at \*2 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 2075423 (N.D. Tex. Sept. 16, 2004) (same). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). However, isolated incidents are insufficient to show a custom or practice for purposes of section 1983 liability. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.), *cert. denied*, 113 S.Ct. 462 (1992).

When asked to explain the factual basis of his claim against CCA, plaintiff stated only that the operators of the jail impeded his medical care, caused him stress, and exhibited deliberate indifference. (*Spears* Quest. #7). Plaintiff does not allege any facts which, if proved, demonstrate that a formal policy or persistent widespread practice of CCA was a "moving force" behind any constitutional violation. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 122 S.Ct. 53 (2001). At most, plaintiff cites to an isolated incident involving the denial of medical care that does not give rise to liability on the part of this defendant.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE